IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| CIT Small Business Lending Corp., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10cv133 |
| | ) | |
| Powerhouse Alexandria, Inc., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's motion for default judgment (docket no. 11) against defendants Powerhouse Alexandria, Inc. ("Powerhouse"), Mario C. Pieri, and Petros Pieri.[1]  Process for Powerhouse was served on Powerhouse's authorized agent for service of process on May 18, 2010 (docket no. 5).  Process for Mario C. Pieri was served personally on May 18, 2010 (docket no. 7).  Process for Petros Pieri was served personally on May 18, 2010 (docket no. 5).  No answer or other response to the complaint has been filed.  The Clerk entered default as to all defendants on August 13, 2010 (docket no. 10).  Upon consideration of plaintiff's motion for default judgment, the memorandum in support of the motion, the affidavit of Joel S. Aronson in support of the motion, and the supplemental memorandum in support of the motion, the magistrate judge makes findings as follows and recommends that default judgment be entered in plaintiff's favor against defendants.

---

[1] Although the caption of the case refers to defendant Petros Pieri as "Petro Pieri," the body of the complaint and exhibits thereto indicate his name is Petros Pieri.

## Jurisdiction and Venue

This court has jurisdiction pursuant to 28 U.S.C. § 1332, as there is diversity between the plaintiff and each defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Venue is proper pursuant to 28 U.S.C. § 1391(a) because defendants reside in this district.

## Standard

Federal Rule of Civil Procedure 55 permits the court to grant a motion for default judgment where the well-pled allegations of the complaint establish plaintiff's entitlement to relief, and where a defendant has failed to plead or defend as provided by and within the time frames contained in the rules.  *Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp. 1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55.

## Factual Background

Plaintiff CIT Small Business Lending Corp. is a Delaware corporation with a principal place of business located in New Jersey.  Defendant Powerhouse is a Virginia corporation with its principal place of business in Virginia.  Defendants Mario C. Pieri and Petros Pieri (collectively, the "individual defendants") are individual citizens of Virginia.

Powerhouse executed a promissory note (the "Note") in favor of plaintiff in the amount of $940,000.00 on March 6, 2008.  Compl. ¶ 5.  The Note provided for interest to accrue annually at the prime rate plus 2.5%.  Compl. Ex. A.  Under the terms of the Note, Powerhouse was to make interest-only monthly payments for six months and monthly payments of principal and interest of $11,655.00 thereafter.  Compl. Ex. A.  The individual defendants executed guaranties of the Note on the same day.  Compl. ¶ 7, Ex. B, Ex. C.  On July 7, 2009 the parties entered into a forbearance agreement by which defendants acknowledged that plaintiff was owed

$940,000.00 in principal and $55,064.15 in interest under the Note. Compl. ¶¶ 10-11, Ex. D.

Under the terms of the forbearance agreement, Powerhouse agreed to make monthly payments

under the terms of the Note beginning September 1, 2009. Compl. ¶ 12, Ex. D. Powerhouse

failed to make such payments. Compl. ¶ 13.

## Analysis

By defaulting, a defendant is deemed to have admitted all of the plaintiff's well-pled

allegations of fact, which then form the basis for judgment against the defendant. Plaintiff has

provided an appropriate basis for judgment through its well-pled allegations of Powerhouse's

failure to fulfill its obligations under the Note and forbearance agreement and of the individual

defendants' obligations under their guaranties.

## Discussion and Findings

The magistrate judge makes the following findings:

First, the magistrate judge finds that the Note is a negotiable instrument under Virginia

Code § 8.3A-104. Second, the magistrate judge finds that Powerhouse is in default on the Note

because it has failed to make payments on the Note. Third, the magistrate judge finds that

plaintiff may bring suit upon the Note pursuant to Virginia Code § 8.01-27. Fourth, the

magistrate judge finds that the individual defendants unconditionally guaranteed payment to

plaintiff of all amounts due under the Note and that plaintiff may therefore collect payment from

the individual defendants. *See Ives v. Williams*, 129 S.E. 675, 676 (Va. 1925) ("It is well settled

in the law of guaranty that when the guarantor enters upon an absolute guaranty, the creditor is

under no obligation to first endeavor to collect from the debtor . . . ."). Fifth, the magistrate

judge finds that under the terms of the Note, plaintiff is entitled to recover expenses to collect

amounts due and enforce the Note, and may add those expenses to the principal balance due.

Sixth, the magistrate judge finds that plaintiff is entitled to recover from defendants: (1) $940,000.00 for the principal outstanding under the Note; (2) interest under the Note calculated at a rate of prime plus 2.5%, accruing annually; (3) late charges in an amount up to 5% of the unpaid portion of regularly scheduled payments equal to $3,638.41; and (4) collection expenses equal to $1,645.05. Seventh, the magistrate judge finds that the interest due under the Note and to which plaintiff is entitled is equal to $68,369.90, plus interest from February 2, 2010 of $148.08 per diem. Eighth, the magistrate judge finds that, under the terms of the Note, plaintiff is entitled to attorneys' fees and costs necessary to collect amounts due under the Note. Plaintiff's counsel avers under oath that attorneys' fees to date are equal to $3,160.50[2] and that costs to date are equal to $1,028.02. The magistrate judge has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce plaintiffs' rights.

## Recommendation

The magistrate recommends that default judgment be entered against defendants, jointly and severally, in favor of plaintiff in the amount of $1,027,886.88, plus per diem interest from February 2, 2010 of $148.08 through the date of judgment.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendants at their addresses for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this

---

[2] Plaintiff's counsel further avers under oath that post-judgment attorneys' fees will total at least $10,000.00. The magistrate judge does *not* recommend judgment for fees not yet actually incurred.

report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

                                            /s/
                                     Thomas Rawles Jones, Jr.
                                   United States Magistrate Judge

November 5, 2010
Alexandria, Virginia